IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| Justin S. Wilkins and | ) | Bankruptcy No. 21-21200-CMB |
| Holly L. Wilkins, | ) | Chapter 13 |
| | ) | Related to Docket Nos. 96 & 98  & 99 |
| Debtors | ) | |
| | ) | |
| Justin S. Wilkins, | ) | |
| | ) | |
| Movant | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Ronda J. Winnecour, Chapter 13 Trustee, | ) | |
| | ) | |
| Respondent | ) | |

**CONSENT ORDER EMPLOYING SPECIAL COUNSEL**

Whereas, Movant, Justin S. Wilkins, filed an Application to Employ Special Counsel for his personal injury claim on November 1, 2024 at Docket No. 96;

Whereas, Respondent, Ronda J. Winnecour, Chapter 13 Trustee, filed a Response on November 12, 2024 at Docket No. 98 requesting additional information regarding the date of Madison E. Hart, Esquire and Shollenberger Januzzi & Wolfe, LLP's retention and an update on Movant's claim;

Whereas, subsequent to the filing of the Response, Attorney Hart clarified that her firm was retained on April 18, 2024 and that no demand letter has been sent to the insurance company as she is waiting for additional medical records and insurance information;

Whereas, in light of the requested information being provided, the Chapter 13 Trustee withdraws her Response to the Application to Employ and consents to the employment of Madison E. Hart, Esquire and Shollenberger Januzzi & Wolfe, LLP as special counsel for Movant's personal injury claim;

AND NOW, this __20th__ day of __November__, *2024*, upon consideration of the ***APPLICATION TO EMPLOY SPECIAL COUNSEL FOR MOVANT'S PERSONAL INJURY CLAIM***, and upon consent of the Movant and Chapter 13 Trustee, it is hereby **ORDERED, ADJUDGED and DECREED** as follows:

1. Madison E. Hart, Esquire and Shollenberger Januzzi & Wolfe, LLP is hereby appointed as of the date the Application, as ***Special Counsel*** for the Estate/Movant pursuant to the terms described in the Fee Agreement attached to the above referenced *Application* for the limited purpose of acting as attorney in connection with the interest of the Estate/Movant in pursuing a personal injury

claim as referenced in the foregoing *Application*, provided however, that no settlement of said claim may occur without further Order of Court.

2. Professional persons or entities performing services in the above case are advised that approval of fees for professional services will be based not only on the amount involved and the results accomplished, but other factors as well including: the time and labor reasonably required by counsel, the novelty and difficulty of the issues presented, the skill requisite to perform the legal service properly, the preclusion of other employment due to acceptance of this case, the customary fee, whether the fee is fixed or contingent, the time limitations imposed by the client or the circumstances, the experience, reputation and ability of the attorneys involved, the undesirability of the case, the nature and length of the professional relationship with the client, and, awards in similar cases.

3. Approval of any motion for appointment of counsel in which certain hourly rates/compensation terms are stated for various professionals is not an agreement by the Court to allow fees at the requested hourly rates or compensation terms, and is not a preapproval of compensation pursuant to 11 U.S.C. §328(a). Final compensation, awarded only after notice and hearing, may be more or less than the requested hourly rates/compensation terms based on application of the above-mentioned factors in granting approval by Court Order. Any retainer paid to the Special Counsel is unaffected by this Order and remains property of the Estate until further order of Court.

4. Notwithstanding anything to the contrary in the letter of engagement or agreement between Movant and Special Counsel, this Order does not authorize Special Counsel to retain or pay any outside counsel or other professional to assist Special Counsel in this matter unless such is done at no expense to Movant, directly or indirectly. Any other retention of and payment to an outside counsel or other professional is subject to prior approval of the Court.

5. *Movant shall serve the within Order on all interested parties and file a certificate of service.*

FILED
11/20/24 1:02 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

_____  dmk
Honorable Carlota M. Böhm
United States Bankruptcy Judge

Consented to:

November 18, 2024
      DATE

/s/Lauren M. Lamb
Lauren M. Lamb, Esquire
Attorney for Debtors
Steidl & Steinberg, P.C.
436 Seventh Avenue, Suite 322
Pittsburgh, PA  15219

                                                                                              (412) 391-8000
                                                   PA.I.D. No. 209201
                                                   llamb@steidl-steinberg.com

<u>November 19, 2024</u>                      <u>/s/Owen W. Katz</u>
      DATE                                  Owen W. Katz, Esquire
                                                Attorney for the Chapter 13 Trustee
                                                US Steel Tower, Suite 3250
                                                600 Grant Street
                                                Pittsburgh, PA  15219
                                                (412) 471-5566
                                                PA.I.D. No. 36473
                                                okatz@chapter13trusteewdpa.com

United States Bankruptcy Court

Western District of Pennsylvania

| | |
|---|---|
| In re: | Case No. 21-21200-CMB |
| Justin S Wilkins | Chapter 13 |
| Holly L Wilkins | |
|     Debtors | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0315-2 | User: auto | Page 1 of 2 |
| Date Rcvd: Nov 20, 2024 | Form ID: pdf900 | Total Noticed: 1 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

\+    Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Nov 22, 2024:**

| Recip ID | Recipient Name and Address |
|---|---|
| db/jdb | + Justin S Wilkins, Holly L Wilkins, 802 Seventh Street, Rochester, PA 15074-1433 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 22, 2024          Signature:          /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on November 20, 2024 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Andrew M. Lubin | on behalf of Creditor Wilmington Trust NA, successor trustee to Citibank NA, as trustee nj-ecfmail@mwc-law.com, bkecf@milsteadlaw.com |
| Denise Carlon | on behalf of Creditor Wilmington Trust NA, successor trustee to Citibank NA, as trustee on behalf of the registered holders of Bear Stearns Asset Backed Securities I Trust 2006-HE3, Asset-Backed Certificates, Series 2006- dcarlon@kmllawgroup.com |
| Keri P. Ebeck | on behalf of Creditor Duquesne Light Company kebeck@bernsteinlaw.com btemple@bernsteinlaw.com;aepiscopo@bernsteinlaw.com;kebeck@ecf.courtdrive.com;agilbert@bernsteinlaw.com |
| Lauren M. Lamb | on behalf of Joint Debtor Holly L Wilkins julie.steidl@steidl-steinberg.com;courtdocs.sands@gmail.com;jsmith@steidl-steinberg.com;LambLR53037@notify.bestcase.com; rlager@steidl-steinberg.com;awerkmeister@steidl-steinberg.com;amattish@steidl-steinberg.com |

| | | |
|---|---|---|
| District/off: 0315-2 | User: auto | Page 2 of 2 |
| Date Rcvd: Nov 20, 2024 | Form ID: pdf900 | Total Noticed: 1 |

Lauren M. Lamb
    on behalf of Debtor Justin S Wilkins julie.steidl@steidl-steinberg.com;courtdocs.sands@gmail.com;jsmith@steidl-steinberg.com;LambLR53037@notify.bestcase.com;rlager@steidl-steinberg.com;awerkmeister@steidl-steinberg.com;amattish@steidl-steinberg.com

Matthew M. Pavlovich
    on behalf of Creditor Wilmington Trust NA, successor trustee to Citibank NA, as trustee mpavlovich@prpclaw.com, sruschak@prpclaw.com

Michelle L. McGowan
    on behalf of Creditor Wilmington Trust NA, successor trustee to Citibank NA, as trustee on behalf of the registered holders of Bear Stearns Asset Backed Securities I Trust 2006-HE3, Asset-Backed Certificates, Series 2006- mimcgowan@raslg.com

Michelle L. McGowan
    on behalf of Creditor Wilmington Trust NA, successor trustee to Citibank NA, as trustee mimcgowan@raslg.com

Office of the United States Trustee
    ustpregion03.pi.ecf@usdoj.gov

Roger Fay
    on behalf of Creditor Wilmington Trust NA, successor trustee to Citibank NA, as trustee rfay@alaw.net, bkecf@milsteadlaw.com

Ronda J. Winnecour
    cmecf@chapter13trusteewdpa.com

TOTAL: 11